UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC STONE-DUNLAP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02704-JRS-MPB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
### AND DIRECTING ENTRY OF FINAL JUDGMENT

The petition of Eric Stone-Dunlap for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenges the failure of the Indiana Department of Correction ("IDOC") to restore good time

credits that were lost after a disciplinary hearing held on April 27, 2016.[1] Dkt. 1. For the reasons

explained in this Order, the respondent's motion to dismiss, dkt. [9], is **granted.**

### I. Procedural History

Mr. Stone-Dunlap states that he lost 121 days of earned credit time as a result of a hearing

on April 27, 2016. Dkt. 1 at 1. He states this sanction of earned credit time was not suspended and

that he was not demoted in credit earning class. *Id.* He states that he "previously challenged this

---

[1]  In his petition, Mr. Stone-Dunlap does not identify a disciplinary case number but only the date
of an April 27, 2016 hearing, in which he states he lost 121 days of earned credit time. Dkt. 1. Mr.
Stone-Dunlap attaches documentation regarding disciplinary case IYC 20-07-0117 in which he
was found guilty of fleeing/resisting staff after a hearing on August 11, 2020. *Id.* The Court notes
that these documents  do not relate to his claims pertaining to the April 27, 2016 hearing, and that
Mr. Stone-Dunlap's challenge of his disciplinary conviction in IYC 20-07-0117 is currently
pending before the Court in *Stone-Dunlap v. Warden*, No. 1:20-cv-02687-TWP-DML.

disciplinary hearing in federal court in case 3:20-cv-00057-DRL-MGG.[2]" *Id.* Mr. Stone-Dunlap

raises only one ground, the restoration of time, in his petition:

> On 2-24-15, 10-13-15, and 4-27-16 the final reviewing Authority violated my rights
> when she handled my time under the new policy (The June 1, 2015 disciplinary
> process for adult offenders policy) which states that an offender can only get 50%
> of his time back, when in fact I had lost it under the old policy (the disciplinary
> process for adult offenders policy that was in effect before June 1, 2015) which
> states an offender can get 75% of his time back, also the final reviewing authority
> did not even give me the 50% back she only gave me 25% back minus a day.

Dkt. 1 at 2.

Mr. Stone-Dunlap attached several petitions for restoration of time as exhibits to his

petition. Dkt. 1-1 at 1, 6, 7, 16. The respondent discusses these documents in his motion to dismiss

brief as follows:

> The attached petitions show that sometime prior to 2015, Stone-Dunlap lost 240
> days of earned credit time. (Dkt. 1-1 at 6). The petitions further show that on
> February 24, 2015, the Department restored 61 days of previously lost credit time
> (Dkt. 1-1 at 4), that on October 13, 2015, it restored 59 days (Dkt. 1-1 at 6), that on
> April 27, 2016, he was denied restoration of credit time because 120 days of his
> previously lost 240 days of credit time had already been restored, and that on
> September 8, 2020, the Department rescinded 59 days of previously restored credit
> time (Dkt. 1-1 at 18).

Dkt. 10 at 2.

There is no evidence in the record that Mr. Stone-Dunlap raised his claims involving the

restoration of his lost time in the state courts. On January 19, 2021, Mr. Stone-Dunlap filed an

objection indicating such by stating that he "cannot exhaust [his] state court remedies due to [his]

11 month out date that will be 6 months if the habeas corpus in 1:20-cv-02687-TWP-DML is

granted." Dkt. 14. Though, he argues that he has exhausted his administrative remedies because

---

[2] The respondent notes that this case was "dismissed without prejudice because Stone-Dunlap
failed to resolve his filing fee status nor filed an amended petition and appeared to have abandoned
the case." Dkt. 10 at 3 (citing docket 6 of *Eric Stone-Dunlap v. Warden*, No. 3:20-cv-57-DRL-
MGG (N.D. Ind. Feb. 28, 2020)).

"no state court violated [his] constitutional rights, the [I]DOC did after they were given a fair opportunity to fix their violations." *Id.*

## II. Discussion

Habeas petitioners must exhaust their available state court remedies before coming to federal court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Indiana state courts lack jurisdiction to review due process claims when they relate to the original deprivation of earned credit time, *see Blanck v. Ind. Dept. of Corr.*, 829 N.E.2d 505 (Ind. 2005), but Mr. Stone-Dunlap is not challenging the *loss* of earned credit time. Rather, he is challenging the IDOC's failure to *restore* previously deprived earned credit time, a claim that Indiana courts have authority to review. *See Young v. Ind. Dept. of Corr.,* 22 N.E.3d 716 (Ind. Ct. App. 2014); *Budd v. State,* 935 N.E.2d 746 (Ind. Ct. App. 2010); *see also Gates v. Butts,* 1:17-cv-1921-SEB-TAB, 2018 WL 1992425 (S.D. April 27, 2018) (petitioner must exhaust *ex post facto* claim challenging policy concerning restoration of credit time).

Procedural default caused by failure to exhaust state remedies can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002). Mr. Stone-Dunlap has made no such showing of cause and prejudice that would result in a miscarriage of justice.

3

### III. Conclusion

Mr. Stone-Dunlap has failed to exhaust his state court remedies and has not shown existence of circumstances permitting him to overcome this hurdle. Thus, the respondent's motion to dismiss, dkt. [9], is **granted.**

Therefore, the action is **dismissed without prejudice for failure to exhaust state court remedies**. Mr. Stone-Dunlap's motions for court orders in his favor, dkts. [13] and [15] **are denied.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   3/1/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

ERIC STONE-DUNLAP
201315
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov